UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORRAINE PAGANO, | |
| Plaintiff, | CIVIL ACTION NO. 3:15-CV-01489 |
| v. | (CAPUTO, J.) (MEHALCHICK, M.J.) |
| VENTURES TRUST 2013-I-HR, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action, initiated upon the filing of the original complaint in this matter by Plaintiff Lorraine Pagano on June 4, 2015, asserting claims against Defendants Ventures Trust 2013-I-H-R ("Ventures Trust"), BSI Financial Services ("BSI"), Bank of America, N.A. ("BANA"), Mortgage Electronic Registration Services, Inc. ("MERS"), and John or Jane Doe Defendants 1 through 10. (Doc. 1). Now pending before the Court are two motions filed by Defendants BANA and MERS: a motion to dismiss the case for lack of prosecution (Doc. 31), as well as a motion to strike a letter that Plaintiff filed to the docket (Doc. 29). For the following reasons, it is recommended that the motion to dismiss be granted and that the motion to strike be denied as moot.

**I. BACKGROUND**

This litigation concerns a 2005 home loan made to Plaintiff by Countrywide Home Loans, Inc., which since was purchased by BANA, along with the mortgage Plaintiff took out promising to repay the loan. (Doc. 1, at ¶¶ 4, 28-29). BANA brought a mortgage foreclosure action in the Court of Common Pleas of Monroe County alleging that Plaintiff had been in default on her mortgage repayments for several months, and obtained a writ of

execution against Plaintiff's property on August 18, 2014. (Doc. 1, at ¶ 55; Doc. 20-2, at 7-12, 30). Plaintiff then filed her fee-paid complaint in this matter with the United States District Court for the Eastern District of Pennsylvania, seeking to overturn the foreclosure action in the Court of Common Pleas and asserting violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, as well as several state law claims. (Doc. 1).

The case was transferred to this Court from the Eastern District on July 31, 2015.[1] (Doc. 18; Doc. 19). All named Defendants entered their appearance in this matter and filed motions to dismiss Plaintiff Lorraine Pagano's complaint in August of 2015. (Doc. 20 (Ventures Trust and BSI); Doc. 22 (BANA and MERS)). On January 22, 2016, the undersigned United States Magistrate Judge recommended that both motions to dismiss be granted, that several of the claims asserted in Plaintiff's complaint be dismissed with prejudice while all other claims be dismissed without prejudice, and that Pagano be given the opportunity to reassert her remaining claims in an amended complaint. (Doc. 26). The District Court adopted the Recommendation on February 24, 2016, and granted Plaintiff thirty days to file an amended complaint. (Doc. 27).

Instead of complying with the District Court's instruction, on April 11, 2016, weeks after the time for filing an amended complaint had passed, Plaintiff filed onto the docket a copy of a letter she allegedly sent to the Federal Deposit Insurance Corporation ("FDIC"). (Doc. 28). On April 22, 2016, BANA and MERS moved to strike Plaintiff's filing as

---

[1] Defendants had previously filed motions to dismiss Plaintiff's complaint with the Eastern District. (Doc. 2; Doc. 9). District Judge Kearney denied those motions to dismiss as moot in his Order transferring the case to this Court. (Doc. 17).

improper (Doc. 29), and provided a brief in support thereof (Doc. 30). That same day, BANA and MERS also filed a motion to dismiss the case for lack of prosecution (Doc. 31), along with a supporting brief (Doc. 32). After the Court directed Plaintiff to file a brief in opposition to the motion to dismiss (Doc. 33), she belatedly submitted a letter to the Court arguing that dismissal of her initial complaint was improper and expressing her willingness to schedule a settlement conference (Doc. 34). Given that the time for Plaintiff to file a brief in opposition has long passed, the Court will liberally construe Plaintiff's letter, dated June 23, 2016, as an oppositional brief. Accordingly, the pending motions are now ripe for disposition.

II. DISCUSSION

A. MOTION TO DISMISS FOR FAILURE TO PROSECUTE

BANA and MERS move to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) on the basis that Plaintiff failed to file an amended complaint, as directed by the District Court in its Order dismissing Plaintiff's initial complaint. (Doc. 31). Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (per curium). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors enumerated in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863 (3d Cir. 1984). Specifically, the Court must inquire into:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other

than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted).

The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . ." *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, no one factor is determinative and thus not all of the *Poulis* factors must be met to warrant dismissal. *Mindek,* 964 F.2d at 1373; *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dep't,* 159 F. Appx. 371, 373 (3d Cir. 2005) (not precedential) (citing *Landon v. Hunt,* 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). In light of this framework, the Court finds that a careful assessment of the *Poulis* factors in the case at bar weighs heavily in favor of dismissing this action.

### 1. Plaintiff's personal responsibility

Looking to the *Poulis* factors, the Court finds that a consideration of the first factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to Plaintiff. Because Plaintiff is a *pro se* litigant, she is solely responsible for prosecuting her claim. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders." *Lopez v. Cousins,* 435 F. Appx. 113, 116 (3d Cir. 2011) (not precedential). Plaintiff has repeatedly failed to abide by court orders and neglected to litigate this case. Specifically, Plaintiff failed to file an amended complaint despite being directed to do so by the District

Court. (Doc. 27). Furthermore, neither of the two filings to the docket Plaintiff has made since the District Court's February 24, 2016 Order could even liberally be construed as an amended pleading. (Doc. 28; Doc. 34). Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### 2. Prejudice to the moving party

BANA and MERS submit that the second *Poulis* factor, the prejudice to the adversary caused by the failure to abide by court orders, is also satisfied here because the delay caused by Plaintiff's failure to file an amended complaint has forced Defendants to expend additional time and resources in litigating this case. (Doc. 32, at 7-8). A finding of prejudice does not require "irremediable harm." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund,* 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003). Here, the Court finds that Plaintiff's failure to file an amended complaint has delayed Defendants' efforts to obtain a timely resolution of this action. Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

### 3. History of dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d. Cir. 1994); *see also Emerson v. Theil Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (per curium) (finding a history of dilatory conduct where plaintiff repeatedly requested stays and failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times

is insufficient to demonstrate a history of dilatoriness." *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (citation omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams*, 29 F.3d at 875.

Here, Plaintiff has repeatedly failed to comply with court orders in a timely fashion. In addition to Plaintiff's failure to file an amended complaint that precipitated the instant motion to dismiss, Plaintiff has also: (1) belatedly responded to the instant motion to dismiss, to the extent that her June 23, 2016 letter can even be construed as an oppositional brief (Doc. 34); (2) failed to file a brief in opposition to Defendants' motions to dismiss Plaintiff's initial complaint (Doc. 26, at 2); and (3) failed to respond to either of Judge Kearney's two Orders to show cause as to why venue was appropriate in the United States District Court for the Eastern District of Pennsylvania, where Plaintiff initially filed her complaint (Doc. 8; Doc. 12). When considering the span of this litigation, Plaintiff's repeated failure to comply with Court orders evinces a pattern of dilatory conduct that weighs in favor of dismissal.

### 4. Party's willful conduct or bad faith

The fourth *Poulis* factor requires the Court to consider whether Plaintiff's conduct reflects mere inadvertence or negligence, as opposed to "strategic," intentional or self-serving behavior." *Adams*, 29 F.3d at 875. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (quotation omitted). BANA and MERS urge the Court to find that Plaintiff's actions were willful because they were repeated several times, without explanation. (Doc. 32, at 9). However, "[i]n spite of

Plaintiff's failure to communicate with Defendants and this Court, there are insufficient facts to warrant an inference of bad faith or willfulness." *Cooper v. Atl. Cnty. Justice Facility*, No. CV 15-575 (JBS-JS), 2016 WL 155039, at *2 (D.N.J. Jan. 12, 2016). Indeed, Plaintiff has been "silent, and that silence is ambiguous." *El-Hewie v. Paterson Pub. Sch. Dist.*, No. CIV. 13-5820 KM, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015). Because the Court is unable to conclude that Plaintiff's conduct to date has been willful or in bad faith, the Court finds that this factor does not weigh in favor of dismissal.

### 5. Availability of alternative sanctions

BANA and MERS argue that the fifth *Poulis* factor, the effectiveness of alternative sanctions, factors in favor of dismissal. (Doc. 32, at 10). Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding *pro se*." *See Lopez v. Cousins*, 435 F. Appx. 113, 116 (3d Cir. 2011) (not precedential); *Emerson v. Theil Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (per curium); *see, e.g., Nowland v. Lucas*, Civil No.1:10-CV-1963, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012) ("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Here, Plaintiff's status as a *pro se* litigant prevents this Court from sanctioning her or utilizing lesser alternative sanctions. Accordingly, this factor weighs in favor of dismissal.

### 6. Meritoriousness of Plaintiff's claims

BANA and MERS argue that the final *Poulis* factor, which enjoins the Court to consider the meritoriousness of Plaintiff's claims, compels dismissal of this action. (Doc. 32, at 10-12). A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." *Poulis v. State Farm Fire & Cas.*

Co., 747 F.2d 870 (3d Cir. 1984). In dismissing Plaintiff's initial complaint, the District Court found that none of Plaintiff's claims sufficiently stated a claim for relief when viewing the facts in the light most favorable to Plaintiff. (Doc. 27). Furthermore, Plaintiff has failed to put forth an amended complaint that potentially states a meritorious claim with respect to the only two claims that the District Court did not dismiss with prejudice. Accordingly, the sixth *Poulis* factor also weighs in favor of dismissal.

### 7. Balancing the *Poulis* factors

To reiterate, when weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). Quite the contrary, the Court is guided by the Third Circuit's admonition that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992). Here, on balance, the *Poulis* factors weigh in favor of dismissal of this action for lack of prosecution, as the only factor weighing against dismissal is that Plaintiff does not appear to have acted in bad faith. Accordingly, it is respectfully recommended that Defendants' motion to dismiss (Doc. 31) be granted for failure to prosecute.

### B. MOTION TO STRIKE

Although Plaintiff has not filed anything that could be construed as an amended complaint, Plaintiff did file a letter to the docket on April 11, 2016, in which Plaintiff argues that foreclosure on her home is improper and asks the FDIC to intervene. (Doc. 28). BANA and MERS have moved to strike Plaintiff's letter as improper pursuant to Federal Rule of Civil Procedure 12(f)(2). (Doc. 29). Rule 12(f) "permits the Court to "strike from a pleading

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court agrees with BANA and MERS that Plaintiff's letter is immaterial, as it is completely unrelated to the two potential claims for which Plaintiff was given leave to amend. (Doc. 29, at 4). However, Federal Rule of Civil Procedure 7(a) narrowly defines "pleadings" as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Plaintiff's letter filed to the docket on April 11, 2016 does not constitute an amended complaint or any other pleading under Rule 7(a). Because Plaintiff's letter is not a pleading, it cannot be stricken pursuant to Rule 12(f).[2] *See, e.g., Bond v. ATSI/Jacksonville Job Corps Ctr.*, 811 F. Supp. 2d 417, 421 (D.D.C. 2011) (denying plaintiff's motion to strike defendants' motion to dismiss because the motion to dismiss was not a pleading). This Court therefore recommends that Defendants' motion to strike (Doc. 29) be denied as moot.

---

[2] The Court nonetheless notes that Plaintiff's letters of April 11, 2016 (Doc. 28) and June 23, 2016 (Doc. 34) are both procedurally improper and without merit. To the extent that Plaintiff seeks to re-litigate claims dismissed by the District Court on February 24, 2016, BANA and MERS correctly point out that the proper procedure for Plaintiff to do so would have been through filing a motion for reconsideration. (Doc. 35, at 8-9). Furthermore, Plaintiff's argument that the motions to dismiss should have been stayed because she was involved in bankruptcy proceedings at the time the motions were granted is also unavailing. The automatic stay provision of the bankruptcy code operates to stay "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1) (emphasis added). The automatic stay provision is inapplicable to the case at bar because Plaintiff, the bankruptcy debtor, initiated these proceedings herself and Defendants have not filed any counterclaims against her. Thus, this action is not a proceeding brought "against the debtor." *See* 11 U.S.C. § 362(a)(1). Plaintiff's two letters are therefore both immaterial to the instant motion to dismiss for failure to prosecute her case and legally baseless.

### III. R<small>ECOMMENDATION</small>

For the foregoing reasons, it is recommended that Defendants' motion to dismiss (Doc. 31) be **GRANTED**, Defendants' motion to strike (Doc. 29) be **DENIED AS MOOT**, this case be dismissed, and the Clerk of Court be directed to close this case.

**Dated: December 29, 2016**                               *s/ Karoline Mehalchick*
                                                                              **KAROLINE MEHALCHICK**
                                                                              **United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LORRAINE PAGANO, | |
| Plaintiff, | CIVIL ACTION NO. 3:15-CV-01489 |
| v. | (CAPUTO, J.) |
| | (MEHALCHICK, M.J.) |
| VENTURES TRUST 2013-I-HR, et al., | |
| Defendants. | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 29, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: December 29, 2016**                     *s/ Karoline Mehalchick*
                                                                    **KAROLINE MEHALCHICK**
                                                                    **United States Magistrate Judge**